**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

```
————————————————————————    :
                            :
HORGAN BROTHERS, INC.,      :
                            :        Civil Action No.
            Plaintiff,      :        07-cv-3028 (NLH)(KMW)
                            :
      v.                    :        OPINION
                            :
MONROE PROPERTY, L.L.C. and :
MONROE RESTAURANT, INC. and :
TAYLOR MILLS,               :
                            :
            Defendants.     :
————————————————————————    :
                            :
G.J.W. BUILDER, INC.,       :
                            :
            Plaintiff,      :
                            :
      v.                    :
                            :
TAYLOR MILLS, MONROE        :
RESTAURANT, INC. and MONROE :
PROPERTY, L.L.C.,           :
                            :
            Defendants.     :
————————————————————————    :
```

**APPEARANCES**:

Robert J. Krandel, Esquire
Flamm, Boroff & Bacine, P.C.
794 Penilyn Pike
Blue Bell, Pa 19422
     and
Robert A. Pinel, Esquire
Flamm Walton, P.C.
Westfield Corporate Center
4905 Tilghman Street, Suite 310
Allentown, Pa 18104
*Attorneys for Plaintiff Horgan Brothers, Inc.*

Todd W. Heck, Esquire
Basile & Testa, P.A.
424 Landis Avenue
Vineland, N.J. 08360
*Attorney for Plaintiff G.J.W. Builder, Inc.*

William C. MacMillan, Esquire
Igor Sturm
101 Hopkins Avenue
P.O. Box 162
Haddonfield, N.J. 08033
*Attorney for Defendants Monroe Property, L.L.C., Monroe Restaurant, Inc., and Taylor Mills*


**<u>HILLMAN, District Judge</u>**

Plaintiffs, Horgan Brothers, Inc. and G.J.W. Builder, Inc., have set forth several statutory and common law claims against defendants, Monroe Property, L.L.C., Monroe Restaurant, Inc., and Taylor Mills.[1]  Plaintiffs seek to recover for services that they had provided to defendants as part of defendants' renovations of their restaurant and property.  In response, defendants have filed a Motion to Dismiss and a Motion for Summary Judgment against Horgan Brothers.

For the following reasons, defendants' Motion to Dismiss is granted.

**I.   <u>JURISDICTION</u>**

This Court exercises subject matter jurisdiction over the underlying claim pursuant to 28 U.S.C. § 1332.  There is complete diversity between plaintiffs and defendants in the underlying

---

[1] Plaintiffs filed their respective suits against defendants in two distinct, independent proceedings.  However, on October 3, 2007, the Magistrate Judge ordered that the two cases be consolidated into one proceeding.  This Opinion nevertheless concerns motions filed by defendants against Horgan Brothers only.  Thus, unless otherwise necessary, the Court will focus only on Horgan Brothers' claims.

action.  Plaintiff, Horgan Brothers, Inc., is incorporated in the Commonwealth of Pennsylvania with its principal place of business in Harleysville, Pennsylvania.  Plaintiff, G.J.W. Builder, Inc., is incorporated in the Commonwealth of Pennsylvania with its principal place of business in Willow Grove, Pennsylvania. Defendant, Taylor Mills, is an adult individual who is a citizen and resident of the State of New Jersey.  Defendant, Monroe Property, L.L.C., is a limited liability company whose sole member is Mills, a citizen and resident of the State of New Jersey.[2]  Defendant, Monroe Restaurant, Inc., is incorporated in the State of New Jersey with its principal place of business in Williamstown, New Jersey.  Plaintiffs allege that the amount in controversy exceeds $75,000.

## II.  BACKGROUND[3]

In March 2006, Taylor Mills owned an establishment called Taylor's Bar and Grill ("the restaurant"), along with the parcel of land ("the property") upon which the restaurant was located,

---

[2] For purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

[3] Given that the present matter comes before the Court by way of defendants' Motion to Dismiss, plaintiff's allegations are accepted as true and viewed in a light most favorable to plaintiff, as is required when reviewing a motion to dismiss. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

in Williamstown, New Jersey.[4]  At that time, Mills entered into a contract with G.J.W. Builders Inc. ("GJW"), who agreed to perform general contracting services on the restaurant and the property. The parties agreed that GJW would be entitled to a certain percentage "mark-up" on its subcontractors.  In turn, GJW entered into a subcontracting agreement with Horgan, who agreed to perform the services at the restaurant and property.  GJW's mark-up on Horgan's services was six percent.

As part of its duties, Horgan poured concrete, cleared trees, installed sewer lines, and filled and paved a parking lot. During Horgan's performance of the services, Mills orally instructed Horgan to perform extensive change order work in excess of the original subcontracting agreement that Horgan had with GJW.  Similarly, Mills also orally instructed GJW to perform change order work in excess of the original general contract between the two parties.  Mills informed Horgan and GJW that he would pay for all of the change order work he requested.

Horgan performed the change order work as requested and submitted invoices to GJW with respect to the work.  Beginning in November and December 2006, Horgan and GJW began to repeatedly demand that Mills pay the outstanding balance for the work performed.  On December 12, 2006, however, Mills transferred

---

[4] Mills purchased the establishment and property in January 2006, when it was called the Alpine Inn.

4

title in the property to an entity known as Monroe Property,
L.L.C.  Further, Mills transferred ownership of his restaurant to
Monroe Restaurant, Inc.

In or around April 2007, Horgan filed a Construction Lien
Claim in the amount of $858,153.74 against defendants' property
with the Clerk of the County of Gloucester, New Jersey.  Two
months later, in June 2007, Horgan filed a complaint in this
Court.[5]  According to the complaint, Mills is "the owner,
majority shareholder or controlling party of both Monroe
Restaurant and Monroe Property."  As such, Horgan avers that
Mills transferred the property's title and the restaurant's
ownership to these entities in an effort to shield himself from
any personal liability he has incurred for the unpaid change
order work.  As a result of his actions and refusal to pay any of
the principal outstanding balance of $858,153.74, Horgan sets
forth three counts against Mills, Monroe Restaurant, and Monroe
Property: (1) unjust enrichment, (2) quantum meruit, and (3)
fraudulent conveyance pursuant to N.J.S.A. §§ 25:2-3 and 25:2-25.

In October 2009, defendants filed a Motion for Summary
Judgment.  A couple of months later, defendants also filed a
Motion to Dismiss.  Presently before the Court are defendants'
Motion to Dismiss and Motion for Summary Judgment.

------------------------------------------------

[5] Horgan also has filed a suit against GJW in the Court of
Common Pleas in Pennsylvania, alleging that GJW breached the
parties' subcontract.

## III.  DISCUSSION

### A.    Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)).  First, under the Twombly/Iqbal standard, a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the

6

facts alleged in the complaint are sufficient to show that the
plaintiff has a 'plausible claim for relief.'"  Id. at 211
(quoting Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more
than allege the plaintiff's entitlement to relief."  Id.; see
Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)
("The Supreme Court's Twombly formulation of the pleading
standard can be summed up thus: 'stating . . . a claim requires a
complaint with enough factual matter (taken as true) to suggest'
the required element.  This 'does not impose a probability
requirement at the pleading stage,' but instead 'simply calls for
enough facts to raise a reasonable expectation that discovery
will reveal evidence of' the necessary element." (quoting
Twombly, 550 U.S. at 556)).  The defendant bears the burden of
showing that no claim has been presented.[6]  Hedges v. U.S., 404
F.3d 744, 750 (3d Cir. 2005).

### B.   Corporation Business Activities Reporting Act

Defendants argue that Horgan has not complied with the

---

[6] In ruling on a Rule 12(b)(6) motion to dismiss, a court has
"discretion to address evidence outside the complaint . . . ."
CitiSteel USA, Inc. v. GE, 78 F. App'x 832, 835 (3d Cir. 2003)
(citation and internal quotation marks omitted).  As such, "a
court may examine the facts as alleged in the pleadings as well
as matters of public record, orders, exhibits attached to the
complaint, and items appearing in the record of the case."
Tilbury v. Aames Home Loan, 199 F. App'x 122, 125 (3d Cir. 2006)
(citation and internal quotation marks omitted).  In addition,
the court "may consider an undisputedly authentic document that a
defendant attaches as an exhibit to a motion to dismiss if the
plaintiff's claims are based on the document."  CitiSteel USA, 78
F. App'x at 835 (citation and internal quotation marks omitted).

requirements of the Corporation Business Activities Reporting Act
(or, "the Act"), N.J.S.A. 14A:13-14 <u>et</u> <u>seq.</u>  More specifically,
defendants allege that, because Horgan has failed to abide by the
statute's mandate and file notice of business activities reports,
Horgan is not authorized to transact business in New Jersey, and
its claims therefore must be dismissed.  In support of its
defense, defendants furnish copies of correspondence with the New
Jersey Department of the Treasury, Division of Taxation.
According to defendants, the correspondence, along with other
evidence, confirms Horgan's non-compliance with the Act and its
failure to pay taxes for the income it has derived within the
State over the years.

Horgan counters that it has obtained a certificate of
authority to do business in New Jersey and thus need not file a
notice of business activities report.  Further, Horgan asserts
that it is currently working with the State of New Jersey to file
any tax returns it may owe for prior years, thereby putting
itself in full compliance with the relevant New Jersey tax law
and the Act.

Pursuant to the Corporation Business Activities Reporting
Act, a foreign corporation carrying on any activity or owning any
property in New Jersey must file a notice of business activities
report.  N.J.S.A. 14A:13-15.  Failure to file a timely report
bars a foreign corporation from availing itself of the fcourts in

8

New Jersey so long as the corporation "has not obtained a certificate of authority to do business in this State and disclaims liability for the corporation business tax and the corporation income tax."[7]  N.J.S.A. 14A:13-20a.  As such, a foreign corporation is exempt from filing a report if "by the end of an accounting period for which it was otherwise required to file a notice of business activities report under this act, it had received a certificate of authority to do business in this State."  N.J.S.A. 14A:13-16a; see N.J.S.A. 14A:13-11(1) ("No foreign corporation transacting business in this State without a certificate of authority shall maintain any action or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority.").

Horgan has provided to the Court a copy of its certificate of authority that it effectively obtained from the New Jersey Department of the Treasury on October 16, 2009.  In addition, the comptroller for Horgan certifies in a sworn statement that "Horgan is presently working with its accountant to provide tax returns and payments for tax liability (if any are owed) to the State of New Jersey for the years 2006, 2007, and 2008."  Based on these facts, Horgan believes it need not file an activities

---

[7] N.J.S.A. 14A:13-20 also closes the courthouse doors in New Jersey federal courts where, as in this case, federal jurisdiction is based on diversity of citizenship.  Am. Export Lines, Inc. v. J & J Distrib. Co., 452 F. Supp. 1160, 1163 (D.N.J. 1978).

report.  Defendants, on the other hand, contend that simply obtaining a certificate of authority now does not excuse Horgan from having transacted business in New Jersey for years and having never filed any activities reports or paid any taxes.

The Court agrees with defendants and their interpretation of the Act.  Again, N.J.S.A. 14A:13-16a exempts a foreign corporation from filing a report if "by the end of an accounting period for which it was otherwise required to file a notice of business activities report under this act, it had received a certificate of authority to do business in this State." (Emphasis added).  A plain reading of this clear and unambiguous statute suggests that the procurement of a certificate of authority excuses a foreign corporation from having to file an activities report for the accounting period during which the corporation received the certificate and for any accounting period thereafter.  In this case, Horgan received its certificate in October 2009, even though it apparently conducted business activities in New Jersey since at least 2006 or 2007.  Therefore, while Horgan's certificate obviates the filing requirement going forward, it does not exempt Horgan for its past failures to file activities reports.

In order to resolve its past failures and to "restore the right of access to the courts in this State," N.J.S.A. 14A:13-20c, Horgan must file activities reports for those years it

carried on any business activity in New Jersey prior to obtaining its certificate of authority, and it must comply with N.J.S.A. 14A:13-20c(2).  See First Family Mortg. Corp. v. Durham, 528 A.2d 1288, 1295 (N.J. 1987).  Horgan seems to tacitly acknowledge as much by virtue of its comptroller's certification that Horgan is attempting to settle any tax obligations it may owe to the State of New Jersey.

Accordingly, because Horgan did not comply with the Corporation Business Activities Reporting Act, it cannot proceed with its suit in this Court at this time.  Thus, Horgan's case is dismissed, without prejudice.[8]  Were Horgan to satisfy its obligations under the Act, then it may return to the Court and seek to re-open its case.  See First Family Mortg. Corp., 528 A.2d at 1295.

Therefore, for the reasons stated above, defendants' Motion to Dismiss is granted.[9]

## IV.  CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss is granted, and Horgan's suit is dismissed, without prejudice. Further, defendants' Motion for Summary Judgment is denied,

---

[8] Nothing in this Opinion is intended to address GJW's case against defendants.

[9] Because defendants' Motion to Dismiss will be granted, the Court need not address defendants' Motion for Summary Judgment at this time.  Therefore, the Motion for Summary Judgment will be denied, without prejudice, as moot.

without prejudice, as moot.  An Order consistent with this

Opinion will be entered.


Dated: June 30, 2010          /s/ NOEL L. HILLMAN
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

12